No. 10-1236

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Fond du Lac Band of Lake Superior Chippewa,

Plaintiff/Appellant,

vs.

Myron Frans, in his official capacity as the Commissioner
of the Minnesota Department of Revenue

Defendant/Appellee

On appeal from the United States District Court for the District of Minnesota
The Hon. Paul A. Magnuson, District Judge

**Brief of the Bois Forte Band of Chippewa, the Lower Sioux Indian Community, the Prairie Island Indian Community, and the Shakopee Mdewakanton Sioux Community as *Amici Curiae* in Support of Fond du Lac Band of Lake Superior Chippewa's Petition for Rehearing or Rehearing *En Banc***

Mary J. Streitz
Christopher R. Duggan
Timothy J. Droske
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone: (612) 340-2600
*Counsel for Amici Curiae*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

INTEREST OF THE AMICI CURIAE ..................................................................... 1

ARGUMENT ............................................................................................................ 2

I. OKLAHOMA TAX COMM'N V. CHICKASAW NATION, 515 U.S. 450 (1995), CATEGORICALLY BARS THE STATE OF MINNESOTA FROM LEVYING A STATE TAX ON AN ENROLLED TRIBAL MEMBER SOLELY BECAUSE OF THE MEMBER'S RESIDENCE WITHIN THE RESERVATION. ........................ 2

II. THE PANEL MAJORITY ALSO INCORRECTLY APPLIED MESCALERO APACHE TRIBE V. JONES, 411 U.S. 145 (1973). .............. 5

III. THIS CASE PRESENTS A QUESTION OF EXCEPTIONAL IMPORTANCE. ........................................................................................ 6

CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

                                                                     **Page(s)**

**CASES**

Lac du Flambeau Band of Lake Superior Chippewa Indians v. Zeuske,
   145 F.Supp.2d 969 (W.D. Wis. 2000) .................................................................. 4, 5

McClanahan v. Arizona State Tax Comm'n,
   411 U.S. 164 (1973) ............................................................................................... 3

Merrion v. Jicarilla Apache Tribe,
   455 U.S. 130 (1982) ............................................................................................... 8

Mescalero Apache Tribe v. Jones,
   411 U.S. 145 (1973) ............................................................................................ 5, 6

Moe v. Confederated Salish & Kootenai Tribes of the Flathead Reservation,
   425 U.S. 463 (1976) ............................................................................................... 3

Oklahoma Tax Comm'n v. Chickasaw Nation,
   515 U.S. 450 (1995) .................................................................................... 2, 3, 4, 5

Oklahoma Tax Comm'n v. Sac and Fox Nation,
   508 U.S. 114 (1993) ............................................................................................... 2

Wagnon v. Prairie Band Potawatomi Nation,
   546 U.S. 95 (2005) ................................................................................................. 3

Williams v. Lee,
   358 U.S. 217 (1959) ............................................................................................... 8

**STATUTES**

4 U.S.C. § 114(a) ......................................................................................................... 6

18 U.S.C. § 1151 ......................................................................................................... 3

25 U.S.C. § 461 et seq. ............................................................................................... 7

25 U.S.C. § 450f et seq. .............................................................................................. 7

25 U.S.C. § 2701 et seq. ............................................................................................. 7

25 U.S.C. § 2701(4) ................................................................................. 7

Minn. Stat. § 290.014, subd. 1 and 2 ....................................................... 3

**REGULATIONS**

Minn. R. 8001.0300, subp. 1 and 2 .......................................................... 4

*Amici curiae* respectfully request that the Band's petition for rehearing or rehearing en banc be granted.

## INTEREST OF THE *AMICI CURIAE*

In addition to petitioner-appellant Fond du Lac Band of Lake Superior Chippewa (the "Band"), there are several other federally-recognized Indian tribes with reservations and trust lands located within Minnesota, including *amici curiae* Bois Forte Band of Chippewa, the Lower Sioux Indian Community, the Prairie Island Indian Community, and the Shakopee Mdewakanton Sioux Community (the "Minnesota Tribes"). The Minnesota Tribes and their enrolled members residing on the reservations will be adversely affected by the panel majority's decision holding that Minnesota can impose its income tax on an enrolled member of the Band solely because he resides on the Band's reservation within Minnesota. Furthermore, as sovereign governments with their own tax and regulatory jurisdiction with respect to their enrolled members within their reservations, and the responsibility to protect the interests of their enrolled members, the Minnesota Tribes have a substantial interest in ensuring that this Court upholds and follows

1

existing Supreme Court precedent establishing that states cannot tax tribes or their enrolled members for activities or events occurring within their reservations.[1]

## ARGUMENT

The Minnesota Tribes urge the Court to grant the Band's petition for all of the reasons set forth in the petition and in Judge Murphy's dissent. In addition, the petition should be granted for the following reasons.

I. <u>OKLAHOMA TAX COMM'N V. CHICKASAW NATION</u>, 515 U.S. 450 (1995), CATEGORICALLY BARS THE STATE OF MINNESOTA FROM LEVYING A STATE TAX ON AN ENROLLED TRIBAL MEMBER SOLELY BECAUSE OF THE MEMBER'S RESIDENCE WITHIN THE RESERVATION.

In <u>Oklahoma Tax Comm'n v. Chickasaw Nation</u>, 515 U.S. 450, 458 (1995), the United States Supreme Court summarized the bedrock principle of federal Indian law tax immunity as follows: a state is categorically barred from "levy[ing] a tax directly on an Indian tribe or its members inside Indian country." This "categorical bar" applies when the legal incidence of the state tax (a) falls upon an Indian tribe or enrolled tribal member residing within the member's Indian country, and (b) is triggered by an "event" within the same Indian

---

[1] No counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief. No person other than *amici curiae*, their members, or their counsel made a monetary contribution to its preparation or submission.

2

country.[2] Wagnon v. Prairie Band Potawatomi Nation, 546 U.S. 95, 101-02, 110 (2005) (noting that the Chickasaw "categorical bar" turns on the "who" and "where" of the challenged tax). The Chickasaw categorical bar applies to *all* state taxes – including sales tax, use tax, cigarette tax, personal property tax, and income tax.[3]

Chickasaw's categorical bar on state taxation must be applied in this case, because Minnesota's tax is triggered by an event occurring solely within the Band's reservation: Mr. Diver's physical presence on the reservation, and nothing more. As evidenced by an examination of Minnesota's taxing statute, Minnesota's personal income tax is imposed on (1) the entire net income of resident individuals, and (2) the income "allocable" to the State of nonresident individuals (generally because such income of nonresidents was earned in or is derived directly or indirectly from Minnesota sources). Minn. Stat. § 290.014, subd. 1 and 2. A taxpayer constitutes a "resident" if the individual taxpayer is "domiciled" in

---

[2] The Band's and the Minnesota Tribes' reservation and trust lands constitute "Indian country" for purposes of applying Chickasaw's categorical rule. See 18 U.S.C. § 1151; Oklahoma Tax Comm'n v. Sac and Fox Nation, 508 U.S. 114, 123 (1993) (holding that land held in trust for a tribe by the United States, in addition to reservation land, is "Indian country" under this definition).

[3] See, e.g., Chickasaw Nation, 515 U.S. 450 (motor fuels tax); Moe v. Confederated Salish & Kootenai Tribes of the Flathead Reservation, 425 U.S. 463 (1976) (cigarette tax, personal property tax); McClanahan v. Arizona State Tax Comm'n, 411 U.S. 164 (1973) (income tax). The only exception to the Chicksaw rule is if a tribe has ceded jurisdiction or Congress has expressly permitted the tax – neither of which is the case here. Chickasaw Nation, 515 U.S. at 458.
3

Minnesota, which generally requires "the bodily presence of an individual person in a place [in Minnesota] coupled with an intent to make such a place one's home," or "maintains a place of abode in Minnesota and spends in the aggregate more than one-half of the taxable year" in the State. Minn. R. 8001.0300, subp. 1 and 2. In short, liability for the Minnesota personal income tax on residents is triggered by the taxpayer's *physical presence* within the state for 183 days or with the intent to make one's home there.

Chickasaw's categorical bar plainly precludes Minnesota from levying its personal income tax on Mr. Diver. Minnesota has purported to levy its income tax solely on grounds of Mr. Diver's Minnesota residency. However, Mr. Diver is an enrolled tribal member residing within his tribe's reservation, and the event that triggers the state tax liability – his physical presence in Minnesota with domiciliary intent or for 183 days – occurs entirely within the same reservation. Because each requirement of the Chickasaw rule is satisfied, the imposition of the Minnesota personal income tax on Mr. Diver's income is completely and categorically barred.

The Minnesota Tribes are aware of only one other case involving a state's attempt to impose its personal income tax based solely on a reservation Indian's residence within the state. In that case, Lac du Flambeau Band of Lake Superior Chippewa Indians v. Zeuske, 145 F. Supp. 2d 969 (W.D. Wis. 2000), the district court held that federal law barred Wisconsin's attempt to impose its personal

4

income tax on a member of the Lac du Flambeau tribe residing on his reservation based solely on the member's residency within the state. The tribal member's income was earned outside of Wisconsin, while employed in Minnesota. In so holding, the district court relied heavily on Chickasaw's categorical bar on state taxation. See id. at 973-77 (referring to Chickasaw's "categorical approach" in the area of state taxation of reservation lands and reservation Indians to hold that Wisconsin could not tax the tribal member "solely because of his residency"). Just as in the Lac du Flambeau case, Chickasaw's categorical bar precludes the Minnesota tax at issue here.

## II. THE PANEL MAJORITY ALSO INCORRECTLY APPLIED MESCALERO APACHE TRIBE V. JONES, 411 U.S. 145 (1973).

The majority panel stated that the Supreme Court's decision in Mescalero Apache Tribe v. Jones, 411 U.S. 145 (1973), established the "general rule" that Indians "receiving off-reservation income are subject to non-discriminatory state taxation," and that this rule supports Minnesota's right to tax Mr. Diver's Ohio pension benefits. Slip op. at 5 n.5. This is incorrect on two counts. First, the Mescalero case upheld a state's right to tax the creation or earning of off-reservation income (not the mere receipt thereof) by a tribe's active conduct of a business enterprise (a ski resort) within the state and outside of the tribe's Indian country. The Mescalero Court held that the state could tax such tribal income, just as all states imposing an income tax can tax the income of nonresidents that is

5

created or earned within the state. Second, because <u>Mescalero</u> holding concerned only a state's right to tax tribal income earned *within the state* (and outside the reservation), it has no bearing on whether a state can tax tribal income earned outside of the state, as in Mr. Diver's case.[4]

## III. THIS CASE PRESENTS A QUESTION OF EXCEPTIONAL IMPORTANCE.

The panel majority's holding is unprecedented. As discussed above, under bedrock principles of federal law, the Supreme Court's precedents mandate that states cannot tax (or regulate) a tribe or its resident tribal members solely on the basis that the tribe's reservation is located in the taxing state. This is the first time to our knowledge that a panel of this Court – or any other federal court of appeals – has held that a state can tax (or regulate) a tribe or its members solely on this basis.

The panel majority's decision will not just affect Mr. Diver. Members of Minnesota tribes often return to live on their reservations after working outside of Minnesota, and those who are fortunate enough to have pensions then receive their pension income on the reservation. Also, members of Minnesota tribes often have other income that is earned outside of Minnesota, and the panel majority's decision could apply to subject all such income to Minnesota income tax. Because the

---

[4] Pursuant to <u>Mescalero</u>, the State of Ohio could and did impose its state income tax on Mr. Diver's salary earned in Ohio, and would be able to tax Mr. Diver's pension benefits but for 4 U.S.C. § 114(a). <u>Mescalero</u>'s holding offers no support, however, for *Minnesota's* imposition of a tax on either Mr. Diver's salary or pension.

6

panel majority decided that Minnesota could impose its tax on Mr. Diver solely because he is a Minnesota resident residing on a reservation in Minnesota, the panel's decision conceivably might be applied to tax any Minnesota tribal members' income earned outside of Minnesota, and even income from intangible investment property, solely on the basis of their residence on their reservations. Indeed, if under the panel decision the state can now tax a tribal member based solely on his or her residence on the reservation, what activities of tribes and their members will a state *not* be permitted to tax or regulate within the reservations?

The decision also adversely affects the sovereign interests of the Minnesota Tribes, who have an interest in protecting their members from unlawful state taxation and regulation and in preserving their own ability to tax and regulate their members who reside on the reservation. Indian tribes' power to enact tax and other laws, and to impose those laws on tribal members within their reservations, is one of the most critical attributes of tribal sovereignty. The panel majority's decision allowing Minnesota to encroach on the tribes' sovereign power, by taxing reservation Indians solely because they are Minnesota residents, necessarily impedes the tribes' effective ability to impose their own taxes on tribal members. Promoting tribal sovereignty and self-government represents the foundation of federal Indian policy, embodied in numerous federal statutes and longstanding Supreme Court precedent. See, e.g., Indian Reorganization Act, 25 U.S.C. § 461 et

7

seq. (the "IRA"); Indian Self-Determination Act, 25 U.S.C. § 450f et seq.; Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701 et seq., § 2701(4) ("IGRA"); see also Merrion v. Jicarilla Apache Tribe, 455 U.S. 130 (1982); Williams v. Lee, 358 U.S. 217 (1959). The petition for rehearing should be granted so this Court may consider fully whether allowing Minnesota to impose its tax in this circumstance is compatible with this longstanding federal policy.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Band's petition and in Judge Murphy's dissent, the petition for rehearing or rehearing *en banc* should be granted.

Respectfully submitted,

Dated: August 26, 2011

/s/Mary J. Streitz
Mary J. Streitz
Christopher R. Duggan
Timothy J. Droske
DORSEY & WHITNEY LLP
50 South 6th Street
Suite 1500
Minneapolis, Minnesota 55402-1498
(612) 340-2600
(612) 340-2868 (FAX)

*Counsel for Amici Curiae*

8

# CERTIFICATE OF SERVICE

I, hereby certify that on August 26, 2011, I electronically filed the following papers with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system:

**Brief of the Bois Forte Band of Chippewa, the Lower Sioux Indian Community, the Prairie Island Indian Community, and the Shakopee Mdewakanton Sioux Community as *Amici Curiae* in Support of Fond du Lac Band of Lake Superior Chippewa's Petition for Rehearing or Rehearing *En Banc***

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system upon:

Dennis J. Peterson
Fond du Lac Band of Lake Superior Chippewa
1720 Big Lake Road
Cloquet, MN 55720
dennispeterson@fdlrez.com

Vanya S. Hogen
Jacobsen Buffalo Magnuson Anderson & Hogen, PC
335 Atrium Building
1295 Bandana Boulevard
Saint Paul, MN 55108
vhogen@jacobsonbuffalo.com

Tamar N. Gronvall
Attorney General's Office
445 Minnesota Street
Bremer Tower
St. Paul, MN 55101-2127

Rita Coyle DeMeules,
Attorney General's Office
445 Minnesota Street
Bremer Tower
St. Paul, MN 55101-2127

August 26, 2011

/s/Timothy J. Droske

9